Estate of Mary Jane Burrell, Anne Burrell, Guardian of the Person and Estate of Mary Jane Burrell v. Commissioner. Anne Burrell Trust, Mary Jane Burrell Trust, and Frank L. Burrell, Jr. Trust, Frank L. Burrell, Trustee v. Commissioner. Anne Burrell, Donee v. Commissioner. Estate of Frank L. Burrell, Jr., Anne Burrell, Guardian of the Person and Estate of Frank L. Burrell, Jr. v. Commissioner.
Estate of Burrell v. Commissioner
Docket Nos. 1393, 1394, 1395, 1396.
United States Tax Court
1944 Tax Ct. Memo LEXIS 244; 3 T.C.M. (CCH) 489; T.C.M. (RIA) 44169; May 18, 1944
*244 Arthur A. Poat, Esq., for the petitioners. Harry R. Horrow, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: These proceedings, duly consolidated for hearing and opinion, involve transferee liability for a deficiency in gift tax for the calendar year 1938 in the amount of $1,345.50. The Commissioner has determined a deficiency in the amount stated against Frank L. Burrell, as trustee and transferee of the property which was the subject of the gifts, and against the remaining petitioners, beneficiaries of the trusts to which the transfers were made, as transferees and donees. [The Facts] On August 14, 1937, Frank L. Burrell transferred to himself, as trustee, certain property to be held in three separate trusts for the benefit of his wife, Anne, his daughter, Mary Jane, and his son, Frank L. Burrell, Jr. The trust instrument provided that in the case of any minor beneficiary the income should be accumulated and added to the corpus. In the case of a beneficiary not a minor, the income might, in the sole discretion of the trustee, be added to the corpus or distributed to the beneficiary. The corpus also was subject to distribution in the sole discretion *245 of the trustee. Upon the death of any beneficiary prior to the termination of the trusts, the corpus and any accumulated income were to be held for the benefit of his lawful issue surviving, and in the absence thereof for the benefit of the surviving beneficiaries. The trusts were limited to terminate upon the death of the last surviving beneficiary, whereupon any property then remaining was to go to the issue of any beneficiary entitled thereto or, failing issue surviving, to the legal representatives of the last surviving beneficiary. In filing his gift tax return for the calendar year 1937, Frank L. Burrell claimed and was allowed an exclusion of $5,000 in respect of each of the gifts, and an exemption of $40,000. In 1938, by transfers to the three trusts, he made additional gifts of property worth $14,962.50 at the time of the gifts. In his gift tax return for that year he claimed exclusions of $5,000 for each gift. On or about January 23, 1943, the Commissioner determined deficiencies against Frank L. Burrell, as trustee, and against Anne, Mary Jane, and Frank L. Burrell, Jr., as transferees, on account of the gifts of 1938. The reasons for the determinations of deficiency *246 are set forth in the following paragraph taken from the deficiency notice sent to each petitioner. "Under the terms of each of three trusts created on August 14, 1937, for the benefit of the donor's wife and children, the trustee is to accumulate the net income set over and apportioned to each beneficiary who is a minor and add such income to the corpus of the trust estate until such minor reaches the age of 21 years. Further, the net income set over and apportioned to each beneficiary who is not a minor may, in the sole judgment and discretion of the trustee, be accumulated and added to the corpus of the trust estate, or may be distributed and paid over to such beneficiary annually or in convenient installments during the year. As the beneficiaries did not have the unrestricted right to the use, enjoyment, or possession of the trust income or corpus, the gifts were gifts of future interest against which no exclusions are allowable. Accordingly, the three exclusions claimed are disallowed. For the same reason, the three exclusions claimed for the gifts to the trusts in the calendar year 1937 are disallowed, resulting in an increase in the net gifts for preceding years of $15,000.00 *247 as determined above." Each of the petitioners, by reason of the gifts of 1938, received property having a value in excess of the amount of the deficiency determined by the Commissioner. The petitioner, Frank L. Burrell, trustee, contests the determination of the deficiency against him, first upon the theory that the liability of the transferee is coterminous with the liability of the donor, enforcement of which is barred by the statute of limitations. It is now settled that a trustee of property transferred by gift is liable for the gift tax to the extent of the value of the gift. , aff'd ; . The deficiency notice was sent within the period of limitation for assessment against the transferee allowed by section 523 (b) of the Revenue Act of 1932. The same rules of law are applicable to the beneficiaries of the trusts as donees, ; . Where the gift is of a future interest, *248 as here, the donee's liability may be difficult to determine, for the value of the gift measures the extent of the donee's liability. . In respect to the value of the gifts, the parties have joined in the following stipulation: "Each of said petitioners herein, by reason of the aforesaid gifts in 1938 received property having a value in excess of the amount of the deficiency determined by the Commissioner." In determining the gift tax of the year 1938, it was necessary for the Commissioner to determine the aggregate sum of the net gifts for each preceding calendar year. In determining the net gifts for 1937, the Commissioner disregarded the exclusions admittedly erroneously allowed for that year. The contention of the petitioners that the statute of limitations precluded such action is without merit. ; ; . Although the question has not been raised, it should be stated that liability *249 for the full deficiency in gift tax for the calendar year extends to each petitioner, to the extent of the value of his gift, under the provisions of section 510 of the Revenue Act of 1932. . The determination of deficiency must, therefore, be sustained. Decisions will be entered for the respondent.